```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION


Timothy Doyle Young,           :

          Plaintiff,           :  Case No.  2:13-cv-681

     v.                        :

FBI, et al.,                   :  JUDGE MICHAEL H. WATSON
                                  Magistrate Judge Kemp
          Defendants.          :
```

                    REPORT AND RECOMMENDATION
                            AND ORDER

Plaintiff, a "prisoner" as defined in 28 U.S.C. §1915(h), has submitted a complaint but has neither paid the required filing fee nor submitted an application to proceed *in forma pauperis*. By way of an order filed on July 23, 2013, he was directed either to pay the $400.00 filing fee or submit a properly-completed *in forma pauperis* application within 30 days. He was cautioned that if he did not, the Court would presume that he is able to pay the fee, would assess the fee, and would dismiss the case for failure to prosecute. Mr. Young has not responded to that order.

The procedure for dealing with this situation is laid out in McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997). There, the Court said

> If an inmate, not paying the full filing fee, fails to provide an affidavit of indigency or trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or pay the full filing fee. If the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution.

Here, the Court did notify Mr. Young of the deficiency and gave him thirty days to correct it or pay the fee.  Because he did not comply with that order, under McGore, the Court must assess the full filing fee and dismiss the case for want of prosecution.

Plaintiff is therefore assessed a filing fee of $400.00.  Further, because that fee has not been paid, it is recommended that this case be dismissed for want of prosecution.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp  
United States Magistrate Judge