```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF OHIO
                             EASTERN DIVISION


Timothy Doyle Young,              :

            Plaintiff,            :  Case No.  2:13-cv-681

      v.                          :

FBI, et al.,                      :  JUDGE MICHAEL H. WATSON
                                      Magistrate Judge Kemp
            Defendants.           :
```

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner incarcerated at the United States Penitentiary at Florence, Colorado, submitted a complaint but neither paid the required filing fee nor submitted an application to proceed *in forma pauperis*.  After the Court directed that he do one or the other, Plaintiff responded that the administration at his institution was refusing to forward an account statement to the Court.  The Court then directed defendants, through the United States Attorneys' Office for this District, to file a response to those allegations.  To date, that has not occurred.

While the failure of the United States to comply with this Court's order is troubling, a review of the pleadings - and particularly the amended complaint filed on January 13, 2014 - reveal that the case was not appropriately filed in this judicial district.  Plaintiff is not only incarcerated in Colorado, but asserts claims which appear either to be legally frivolous or which arise out of his incarceration in Colorado.  In particular, his third claim for relief contends that the Bureau of Prisons stopped his medication in retaliation for his First Amendment Activity.  Other claims relate to actions of other Courts, such as the United States District Courts for the District of Columbia and the Northern District of California.  The complaint makes no

reference to any actions taken within the Southern District of Ohio, or, indeed, the State of Ohio.

28 U.S.C. §1391(b) provides that civil actions may be filed in a court where any defendant resides if they are all residents of the same state; where a substantial part of the claim arose; or, if neither of those apply, where personal jurisdiction may be obtained over the defendants.  Given that none of the events occurred here, and that no named or potential defendants (at least ones subject to suit) reside in this District, it would be more appropriate for the case to be transferred to the District of Colorado for further proceedings.  If there is some issue with the financial administration at Plaintiff's institution, it can be better addressed in the District where that institution is located.

It is therefore recommended that this case be transferred to the District of Colorado for all further proceedings.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and

Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge