## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Timothy Doyle Young,

        Plaintiff,

        v.

FBI, *et al.*,

        Defendants.

Case No. 2:13–cv–681

Judge Michael H. Watson

Magistrate Judge Kemp

### OPINION AND ORDER

On September 23, 2013, United States Magistrate Judge Kemp issued a Report and Recommendation ("R&R") recommending the instant case be transferred to the District of Colorado for all further proceedings. R&R, ECF No. 10. The R&R determined Plaintiff's Complaint was not appropriately filed in this judicial district. *Id.* at 1. It based its finding on the following: (1) Plaintiff is incarcerated in Colorado; (2) Plaintiff asserts claims that appear to either be legally frivolous or that arise out of his incarceration in Colorado; (3) Plaintiff's other claims relate to actions of other courts; and (4) Plaintiff's Complaint makes no reference to any actions taken within the Southern District of Ohio or even the state of Ohio. *Id.*

Plaintiff timely filed objections to the Report and Recommendation. ECF No. 12. If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff first argues the Court erred in not addressing the fact that the United States Attorneys' Office should be held in contempt for failing to ignore the court's November 6, 2013 Order. In that Order, the Court directed the Office of the United States Attorney for the Southern District of Ohio to file a response to Plaintiff's objections to the Court's Order directing Plaintiff to pay a filing fee or submit an application to proceed *in forma pauperis*. ECF No. 6. Indeed, the United States Attorney's Office has not complied with that Order, and the R&R indicates that the failure to do so is troubling. R&R 2, ECF No. 1. Nevertheless, the United States Attorney's failure to respond does not negate the fact that this suit is improperly before the Court. The Magistrate Judge therefore did not err in recommending transfer before addressing the failure to respond.

Plaintiff next argues the Court should not transfer the instant case because the District of Colorado refused to file the case there, along with numerous other documents and petitions Plaintiff attempted to file. He also asserts "judicial activism" is well documented in Denver, Colorado. The evidence Plaintiff cites in support of these assertions, however, does not indicate that the District of

Colorado will not accept a transfer of this case and therefore is not a proper basis on which to keep the case in this District.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, ECF No. 12, and **ADOPTS** the R&R, ECF No. 10. The case is hereby transferred to the District of Colorado. Upon this case's transfer, the Court will no longer have jurisdiction to rule on Plaintiff's motion for extension of time, ECF No. 8. Accordingly, the Clerk shall remove ECF No. 8 from the Civil Justice Reform Act Motions Report.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT